[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT — POST JUDGEMENT AMENDED (138)
A further hearing was held on this motion on November 29, 1999, as directed in the initial memorandum dated October 29, 1999, to determine the structured payment schedule necessary to liquidate the arrearages.
One final arrears was addressed to determine the plaintiff's share of the increase in real estate taxes. The court ruled that paragraph 2.13 of the parties' separation agreement must be read as "tax year", i.e. each grand list and not as "calendar year". The base year was ruled to be the grand list of October 1, 1990. The court accepts the defendant's calculations for the tax years through and including the grand list of October 1, 1997 that resulted in a total of $2,673.66 due the defendant for plaintiff's share of the increase in taxes. The plaintiff had not paid anything on this item and the amount due is found to be $2,673.66.
The plaintiff is unable to pay the arrearages from current income. Therefore the court finds he must utilize his assets to pay the following within 30 days:
Increase in taxes $2,673.66
 Arrearage prior to 34,917.00 December 31, 1995
 Brett's private school 7,441.00 expense
 Additional alimony for 9,000.00 1995, 1996 and 1997
 Alimony 1998 6,000.00
Total Arrearage to and $63,357.00 CT Page 15630 including December 31, 1998
The court finds that the plaintiff has sufficient assets to raise the foregoing amount.
The defendant has moved for an allowance to defray her legal expenses. The court finds that the hourly rate billed by the defendant's attorney to be reasonable, number of hours billed for the attorney's services is also reasonable, and the court therefore allows $6,000 as an allowance to the defendant, two thirds payable within 30 days and the remaining balance payable by plaintiff from his share of the proceeds due him from the sale of the marital home. The court has not relieved the defendant of all of her litigation expenses for the need for interpretation of the settlement agreement was brought about by both sides. This situation is not one where the plaintiff has wilfully refused to obey a crystal clear order although having the means to do so. The court finds no contempt in his failure to pay his share of the real estate tax increases.
No interest is awarded on any arrears or on the allowance for attorney's fees for, as previously stated, the plaintiff's defenses were not frivolous and were not offered for the purpose of delay.
So Ordered.
Harrigan, J.